IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV471-1-MU

| | |
|---|---|
| RICKY ODOM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| TODD PINION, supt., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus, filed November 14, 2005.

According to the information filed by Petitioner, after a trial by jury in Mecklenburg County, Petitioner was found guilty of Trafficking in Cocaine and sentenced to 175 to 219 months imprisonment. Petitioner appealed his sentence and conviction to the North Carolina Court of Appeals. His appeal was denied on December 15, 1998. The next action Petitioner took was filing a Motion for Appropriate Relief (MAR) on December 30, 2004, which was denied on March 18, 2005. On April 28, 2005, the North Carolina Court of Appeals denied Petitioner's Petition for Writ of Certiorari   On November 14, 2005, Petitioner filed the instant federal habeas petition with this Court.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion. 28 U.S.C. § 2244(d)(1). Under AEDPA a petitioner must file a § 2254 motion within

one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending. 28 U.S.C. § 2244(d)(2).[1]

Petitioner's conviction was affirmed by the North Carolina Court of Appeals on December 15, 1998. He therefore had until on or about December 16, 1999, to file his federal Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2244(d)(1)(A). Petitioner, however, did not file his federal habeas petition until well after this date and therefore this Court finds that his petition is untimely.[2]

Petitioner tries to avoid this result by asserting that he discovered new information in November 2004. More specifically, Petitioner states that in November 2004 family members at a barbeque learned that Petitioner and his co-defendant had been represented by lawyers from the same firm. Petitioner asserts that no waiver consenting to this situation was ever signed. Pursuant to § 2244(d)(1)(D) a Petitioner may file an application for a writ of habeas corpus

---

[1] In January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. At 707. In the instant case, Petitioner anticipated that his petition might be found untimely and argued that it was not untimely. Accordingly, given the fact that Petitioner has attempted to address the timeliness of his petition - - albeit unsuccessfully – the Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.

[2] The Court notes that the Petitioner's MAR and Petition for a Writ of Certiorari do not operate to toll the running of the AEDPA's statute of limitations because the statute of limitations had expired prior to these filings. See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000).

within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  While it is not clear to the Court that Petitioner's attorney conflict of interest allegation even states a constitutional violation, Petitioner fails to provide any argument as to why such information was previously unavailable to him or why it was undiscoverable for well over six years.  Nor can this Court imagine any set of circumstances which would have rendered such information "undiscoverable" for six or more years.  As such, this Court finds that he has not established that his limitation period should run from his discovery that attorneys from the same firm represented himself and his co-defendant rather than the date on which the judgment in his case became final.  Moreover, the Court notes that Petitioner's second claim regarding his representation has absolutely nothing to do with who represented his co-defendant and was a fact that was apparent to him at the time of trial.  As such the alleged "newly discovered fact" does not even serve as the factual predicate for the claim.

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

**Signed: November 28, 2005**

Graham C. Mullen
Chief United States District Judge